STATE of North Dakota ex rel. Wallace L. HERREID, Divide County State's Attorney, Petitioner,

v.

Earl WALTER, Burke County Justice, Respondent.

No. 8193.

Supreme Court of North Dakota.

Sept. 25, 1964.

Helgi Johanneson, Atty. Gen., and Gerald W. VandeWalle, Asst. Atty. Gen., Bismarck, for petitioner.

Earl Walter, Bowbells, per se.

ERICKSTAD, Judge.

On petition of the State of North Dakota, on relation of the State's Attorney of Divide County and approval of the Attorney General of North Dakota, this court issued an order requiring the County Justice of Burke County to show cause why this court should not exercise its original superintending powers over the County Justice and issue a supervisory writ directing the Justice to assume jurisdiction in the case entitled State of North Dakota v. Carl E. Ellingson.

On October 18, 1963, one Carl E. Ellingson was charged with the offense of failing to dim headlights when meeting a vehicle, under Section 39–10–10 of the North Dakota Century Code. He was ordered to appear before the County Justice of Divide County on October 24, 1963. On that date Mr. Ellingson filed an affidavit of prejudice against the Divide County Justice, Mr. T. S. Stuart. The case was then transferred by Mr. Stuart to the court of Mr. Earl Walter, the County Justice for Burke County, for disposition.

By agreement between the attorney for Mr. Ellingson and the Assistant State's Attorney of Divide County, Mr. Ellingson was brought into the Justice Court of Burke County at Bowbells, which is the county seat, on October 29, 1963, at 10:00 a. m. The Burke County Justice refused to accept jurisdiction in Burke County. He

stated that he would act if the matter were heard at Crosby, which is the county seat of Divide County, and if he were compensated for his services and mileage by Divide County.

As Divide County refused to do this, the Ellingson case and other similar cases transferred from Divide County lie unresolved before the Burke County Justice.

Mr. Walter bases his position on the following statutes:

"29-01-06. Rights of defendant.— In all criminal prosecutions the party accused shall have the right:

\* \* \* \* \* \*

"5. To a speedy and public trial, and by an impartial jury of the county in which the offense is alleged to have been committed or is triable, but subject to the right of the state to have a change of the place of trial for any of the causes for which the party accused may obtain the same."

North Dakota Century Code.

"27-18-03. Compensation of county justice — Amount — Payment. — The county justice shall receive as full compensation for his services an annual salary not exceeding the sum of thirty-six hundred dollars, as may be determined from time to time by the board of county commissioners of the county for which he is elected or appointed. In addition thereto, the county justice shall be paid the reasonable travel expenses for mileage and subsistence necessarily incurred in the discharge of his official duties, in accordance with the amount allowed the district court reporter. The salary and travel expenses, as the case may be, shall be paid by the county for which he is elected or appointed or shall be equitably apportioned by the several boards of county commissioners among the several counties as are served by such

county justice. Such compensation shall be paid monthly by the county treasurers of the respective counties upon properly verified claims as other claims against the county are allowed and paid."

North Dakota Century Code.

He contends that under Section 29-01-06(5) an accused party is entitled to be tried in the county in which the offense is alleged to have been committed and that if he were to try the accused in another county, he would be denying the accused what he believes to be an inalienable right under this statute.

A study of this section, however, discloses that the accused is entitled to a speedy and public trial by an impartial jury of the county in which the offense is alleged to have been committed or is triable.

■ In criminal actions in district court the defendant's right to change of venue is determined by Section 29-15-01, N.D.C.C. This section, according to Section 29-01-06 (5), also determines when the State may have a change of venue. Thus we see that even under the section relied upon by the Burke County Justice, a criminal action is triable under certain circumstances in a county other than where the offense is alleged to have been committed.

We believe that Section 33-12-12, N.D.C.C., controls in this case:

"33-12-12. Change of venue.—When the defendant in a criminal action in a justice court, or his attorney, or the state, by the state's attorney or any other attorney acting for the state, before the trial commences, files an affidavit in writing stating that he has reason to believe and does believe that a fair and impartial trial of the action cannot be had before the justice about to try the same, by reason of the bias or prejudice of such justice, the action must be transferred to a justice of the county agreed upon by or in behalf of the parties, or if there is no such agreement,

to the next nearest county justice, and on order must be made transferring the same accordingly, but the place of trial cannot be changed more than once by each party under the provisions of this section."

North Dakota Century Code.

The last clause of the section, which reads, "but the place of trial cannot be changed more than once by each party under the provisions of this section," necessarily infers that the place of trial is changed on the filing of the affidavit of prejudice against the justice.

 Our construction of this statute is that the Legislature made a change of venue mandatory on the filing of the affidavit of prejudice in criminal proceedings in county justice court. Had it not intended to do so, it could very easily have provided for a change of judge separate from the change of place of trial, as it did in the case of criminal proceedings in district court.

Although it might have been more clear had the procedure for obtaining a change of venue and a change of judge in criminal proceedings in county justice court followed the provisions of Section 29–15–01, N.D.C. C., providing for the removal of an action, and Section 29–15–13, N.D.C.C., providing for the disqualification of a judge, in criminal proceedings in district court, the Legislature did not adopt this procedure.

It was therefore the duty of the Burke County Justice to hear and decide this case.

A writ requiring the Burke County Justice to assume jurisdiction in Burke County of this case without compensation from the transferring county is therefore ordered.

MORRIS, C. J., and TEIGEN and BURKE, JJ., concur.

STRUTZ, J., did not participate.